No. 22-2749

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JEFFERY WILLIAM PAUL,<br>Plaintiff-Appellee,<br><br>v.<br><br>JOHN F. CARAWAY, WARDEN, ET AL.<br>Defendants-Appellants | Appeal from the United States District Court for the Southern District of Indiana<br>Case No. 2:13-cv-00304-JMS-MJD |

## UNOPPOSED MOTION FOR EXTENSION OF TIME

The government's opening brief in the above-captioned case is currently due, on two extensions, on January 23, 2023. Pursuant to Seventh Circuit Rule 26, the government respectfully requests a 45-day extension of time in which to file that brief, to and including March 9, 2023. Counsel's declaration in support of this motion is attached hereto and incorporated by reference.

Respectfully submitted,

s/ Ann O'Connell Adams
ANN O'CONNELL ADAMS
Attorney, Appellate Section
Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW, Rm. 1264
Washington, DC 20530
(202) 514.4086
ann.adams@usdoj.gov

DATED: January 13, 2023

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 65 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 14-point type.

s/ Ann O'Connell Adams
ANN O'CONNELL ADAMS
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, I electronically filed the foregoing document with the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I certify that all other participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

s/ Ann O'Connell Adams
ANN O'CONNELL ADAMS

## DECLARATION OF ANN O'CONNELL ADAMS

I, Ann O'Connell Adams, hereby make the following declaration:

1. I am an attorney with the U.S. Department of Justice, Criminal Division, Appellate Section, and I am principally responsible for preparing the government's opening brief in this capital case, which is currently due, on two extensions, on or before January 23, 2023. The government is requesting a 45-day extension of that deadline, to and including March 9, 2023. This is the government's third request for an extension of time. Counsel for the plaintiff-appellee has informed me that he has no objection to the government's request.

2. In 1997, following a jury trial in the Western District of Arkansas, plaintiff-appellee Jeffery William Paul was convicted of first-degree murder within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. 1111 and 2; and murder using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(i) and 2 (1994). Following a penalty phase trial, the jury recommended a sentence of death, which the district court imposed. On direct review, the U.S. Court of Appeals for the Eighth Circuit affirmed.

*United States* v. *Paul*, 217 F.3d 989 (8th Cir. 2000), cert. denied, 534 U.S. 829 (2001) (No. 00-8635).

Paul filed a motion under 28 U.S.C. 2255, which the Western District of Arkansas denied. The Eighth Circuit affirmed. *Paul* v. *United States*, 534 F.3d 832 (8th Cir. 2008), cert. denied, 558 U.S. 828 (2009) (No. 08-8871). Paul tried multiple times to obtain authorization from the Eighth Circuit to file a second Section 2255 motion, which requests were denied. See No. 13-2987 (8th Cir. Oct. 1, 2013); No. 16-2330 (8th Cir. Aug. 5, 2016); No. 19-1994 (8th Cir. June 21, 2019). He also filed petitions for extraordinary writs in the Eighth Circuit and in this Court. See No. 14-1832 (8th Cir. Apr. 22, 2014); No. 16-2220 (7th Cir. May 26, 2016).

3. In 2013, Paul filed a petition for a writ of habeas corpus under 28 U.S.C. 2241 in the Southern District of Indiana, the district of his confinement. On August 2, 2022, the district court granted the petition in part, vacated Paul's Section 924(i) conviction, and vacated his death sentence subject to a new penalty proceeding in the Western District of Arkansas.

The court determined that "robbery" as charged in the indictment as the predicate offense for Paul's Section 924(i) conviction is not a crime

of violence under 18 U.S.C. 924(c)(3)(A) because it does not categorically require the level of scienter for the use of force required by *Borden* v. *United States*, 141 S. Ct. 1817 (2021). As for a remedy, the court stated that because the jury was not asked to specify the offense or offenses for which it imposed the death penalty, the court could not determine whether Paul's Section 924(i) conviction was the basis for the death sentence. The court therefore vacated the death sentence, subject to retrial on the penalty phase in the Western District of Arkansas. On September 30, 2022, the United States filed a notice of appeal.

4. Based on a previous request that explained my unfamiliarity with the case and the press of other matters assigned to me, this Court granted a 30-day extension of time for the government's opening brief until December 9, 2022.

5. Based on a second request that explained this appeal had not yet been authorized by the Solicitor General of the United States, this Court granted a 45-day extension of time for the government's opening brief until January 23, 2023.

6. As explained in our second extension motion, for all appeals by the United States in criminal matters, the Solicitor General of the

United States has the authority to "[d]etermin[e] whether, and to what extent, appeal[] will be taken by the Government." 28 C.F.R. § 0.20(b). Memoranda have been submitted by the U.S. Attorney's Office and the Criminal Appellate Section in connection with authorization for the appeal by the Solicitor General. As reflected in the regulation cited above, the Solicitor General's review and approval is required for the United States to proceed with this appeal and file its opening brief.

7. The review and approval process for this appeal remains pending in the Office of the Solicitor General in light of the important legal issues presented in the appeal and the significant context in which the case arises—the prosecution of a serious crime where the United States determined to seek the death penalty after a lengthy deliberative process. The Office of the Solicitor General has requested that I seek this extension to afford the Solicitor General, in consultation with others in the Department, a sufficient opportunity to assess the government's appeal in consideration of those issues. The requested extension of time would also give me time to conform my brief to the Solicitor General's recommendation, should approval be granted.

8. The United States is mindful of this Court's objective to promptly resolve pending appeals. The United States does not seek this extension for purposes of delay, but to allow completion of the applicable approval requirements. The Solicitor General's review could also result in dismissal of the appeal by the United States, in which case resources would be saved by granting this extension request.

9. I have contacted counsel for the plaintiff-appellee, who does not object to this motion. In accordance with Circuit Rule 26, I sent a copy of a draft of this motion to counsel on January 12, 2023.

10. The defendant is in custody.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 13, 2023, in Washington, D.C.

Respectfully submitted,

s/ Ann O'Connell Adams

ANN O'CONNELL ADAMS
Attorney, Appellate Section
Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW, Rm. 1264
Washington, DC 20530
(202) 514.4086
ann.adams@usdoj.gov