No. 22-2749

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JEFFERY WILLIAM PAUL,<br>Plaintiff-Appellee,<br><br>v.<br><br>JOHN F. CARAWAY, WARDEN, ET AL.<br>Defendants-Appellants | Appeal from the United States District Court for the Southern District of Indiana<br>Case No. 2:13-cv-00304-JMS-MJD |

## UNOPPOSED MOTION TO STAY BRIEFING SCHEDULE

The government's opening brief in the above-captioned case is currently due, on three extensions, on March 9, 2023. Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully requests that this Court stay the briefing schedule on appeal to permit the completion of a recently updated process in Section 9-10.160 of the Justice Manual for consideration of possible withdrawal of the notice of intention to seek the death penalty. If a stay is granted, the government will keep this Court informed as matters progress and will promptly notify the Court of any developments that may affect the stay. Plaintiff-Appellee does not oppose this request. Counsel's declaration in support of this motion is attached hereto and incorporated by reference.

Respectfully submitted,

s/ Ann O'Connell Adams

ANN O'CONNELL ADAMS
Attorney, Appellate Section
Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW, Rm. 1264
Washington, DC 20530
(202) 514.4086
ann.adams@usdoj.gov

DATED: March 2, 2023

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 127 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 14-point type.

s/ Ann O'Connell Adams
ANN O'CONNELL ADAMS
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, I electronically filed the foregoing document with the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I certify that all other participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

s/ Ann O'Connell Adams
ANN O'CONNELL ADAMS

**DECLARATION OF ANN O'CONNELL ADAMS**

I, Ann O'Connell Adams, hereby make the following declaration:

1. I am an attorney with the U.S. Department of Justice, Criminal Division, Appellate Section, and I am principally responsible for preparing the government's opening brief in this capital case, which is currently due, on three extensions, on or before March 9, 2023. Rather than requesting another extension, the government is requesting that this Court stay the briefing schedule on appeal to permit the completion of a recently updated process in Section 9-10.160 of the Justice Manual for consideration of possible withdrawal of the notice of intention to seek the death penalty. If a stay is granted, the government will keep this Court informed as matters progress and will notify the Court of any developments that may affect the stay. Counsel for the plaintiff-appellee has informed me that he has no objection to the government's request.

2. In 1997, following a jury trial in the Western District of Arkansas, plaintiff-appellee Jeffery William Paul was convicted of first-degree murder within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. 1111; and murder using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(i)

(1994) (currently codified at 18 U.S.C. 924(j)). Following a penalty phase trial, the jury recommended a sentence of death, which the district court imposed. On direct review, the U.S. Court of Appeals for the Eighth Circuit affirmed. *United States* v. *Paul*, 217 F.3d 989 (8th Cir. 2000), cert. denied, 534 U.S. 829 (2001) (No. 00-8635).

Paul filed a motion for postconviction relief under 28 U.S.C. 2255, which the Western District of Arkansas denied. The Eighth Circuit affirmed. *Paul* v. *United States*, 534 F.3d 832 (8th Cir. 2008), cert. denied, 558 U.S. 828 (2009) (No. 08-8871). Paul tried multiple times to obtain authorization from the Eighth Circuit to file a second Section 2255 motion, but those requests were denied. See No. 13-2987 (8th Cir. Oct. 1, 2013); No. 16-2330 (8th Cir. Aug. 5, 2016); No. 19-1994 (8th Cir. June 21, 2019). He also filed petitions for extraordinary writs in the Eighth Circuit and in this Court. See No. 14-1832 (8th Cir. Apr. 22, 2014); No. 16-2220 (7th Cir. May 26, 2016).

3. In 2013, Paul filed a petition for a writ of habeas corpus under 28 U.S.C. 2241 in the Southern District of Indiana, the district of his confinement. On August 2, 2022, the district court granted the petition in part, vacated Paul's Section 924(i) conviction, and vacated his death

sentence subject to a new penalty proceeding in the Western District of Arkansas.

The court determined that "robbery" as charged in the indictment as the predicate offense for Paul's Section 924(i) conviction is not a crime of violence under 18 U.S.C. 924(c)(3)(A) because it does not categorically require the level of scienter for the use of force required by *Borden* v. *United States*, 141 S. Ct. 1817 (2021). As for a remedy, the court stated that because the jury was not asked to specify the offense or offenses for which it imposed the death penalty, the court could not determine whether Paul's Section 924(i) conviction was the basis for the death sentence. The court therefore vacated the death sentence, subject to retrial of the penalty phase in the Western District of Arkansas. On September 30, 2022, the United States filed a notice of appeal.

4. Based on a previous request that explained my unfamiliarity with the case and the press of other matters assigned to me, this Court granted a 30-day extension of time for the government's opening brief until December 9, 2022.

5. Based on a second request that explained this appeal had not yet been authorized by the Solicitor General of the United States, this

Court granted a 45-day extension of time for the government's opening brief until January 23, 2023. As explained in our second extension motion, for all appeals by the United States in criminal matters, the Solicitor General of the United States has the authority to "[d]etermin[e] whether, and to what extent, appeal[] will be taken by the Government." 28 C.F.R. § 0.20(b).

6. Based on a third request that explained this appeal had not yet been authorized by the Solicitor General, this Court granted another 45-day extension of time for the government's opening brief until March 9, 2023. As we explained in our third extension motion, the review and approval process for this appeal remains pending in the Office of the Solicitor General in light of the important legal issues presented in the appeal and the significant context in which the case arises—the prosecution of a serious crime where the United States determined to seek the death penalty after a lengthy deliberative process.

7. On January 31, 2023, the Department of Justice published updates to the Justice Manual's provisions for capital crimes. See Department of Justice, Justice Manual § 9-10-000 (Capital Crimes), available at https://www.justice.gov/jm/jm-9-10000-capital-crimes.

Because Paul's death sentence has been vacated, subject to retrial of the penalty phase in the Western District of Arkansas, the Department of Justice has determined that it is appropriate to consider whether it would pursue the death penalty at that retrial should an appeal of the district court's order be unsuccessful. That process requires recommendations from the U.S. Attorney and the Assistant Attorney General responsible for the prosecution, review by the Capital Case Committee, and submission to the Attorney General, through the Deputy Attorney General, for a decision. Justice Manual § 9-10.160.

8. The United States has further determined that it is appropriate to conduct and complete the Justice Manual's updated process before the Solicitor General decides whether to authorize an appeal of the district court's order in this case.

9. The United States is mindful of this Court's objective to promptly resolve pending appeals. The United States does not seek this stay for purposes of delay, but to allow completion of the process described above and the applicable approval requirements for this appeal. The completion of this process could result in dismissal of the

appeal by the United States, in which case resources would be saved by granting this stay request.

10. If a stay is granted, the United States will keep this Court informed as matters progress and will promptly notify the Court of any developments that may affect the stay.

11. I have contacted counsel for the plaintiff-appellee, who does not object to this motion. I sent a copy of a draft of this motion to counsel on March 2, 2023.

12. The defendant is in custody.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 2, 2023, in Washington, D.C.

Respectfully submitted,

s/ Ann O'Connell Adams
ANN O'CONNELL ADAMS
Attorney, Appellate Section
Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW, Rm. 1264
Washington, DC 20530
(202) 514.4086
ann.adams@usdoj.gov